### IN THE UNITED STATES DISTRICT COURT
### FOR THESOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **LAURA PERILLA-VARGAS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION 4:16-CV-00279** |
| | § | |
| **BAYLOR COLLEGE OF MEDICINE,** | § | |
| **SHAFEEQ SHEIKH, M.D. AND HARRIS** | § | |
| **COUNTY HOSPITAL DISTRICT d/b/a** | § | |
| **HARRIS HEALTH SYSTEM, d/b/a BEN** | § | |
| **TAUB GENERAL HOSPITAL,** | § | |
| **Defendant.** | § | |

---

### PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LAURA PERILLA-VARGAS ("Plaintiff"), who brings this cause of action against BAYLOR COLLEGE OF MEDICINE, SHAFEEQ SHEIKH, M.D. and HARRIS COUNTY HOSPITAL DISTRICT d/b/a HARRIS HEALTH SYSTEM, d/b/a BEN TAUB GENERAL HOSPITAL ("Defendants"), and would respectfully show unto the Court as follows:

### I. PARTIES

1.     Plaintiff, LAURA PERILLA-VARGAS, is a natural person residing in Harris County, Texas.

2.     Defendant, BAYLOR COLLEGE OF MEDICINE, has answered and appeared herein.

3.     Defendant, SHAFEEQ SHEIKH, M.D., has answered and appeared herein.

4.     Defendant, HARRIS COUNTY HOSPITAL DISTRICT d/b/a HARRIS HEALTH SYSTEM, d/b/a BEN TAUB GENERAL HOSPITAL, has appeared and answered herein.

5.    Defendants provided health care to Plaintiff, Laura Perilla-Vargas, while she was an inpatient at Ben Taub General Hospital and all Defendants departed from acceptable standards of health care or health care safety, which proximately resulted in Plaintiff's injury, suffering and damages.

6.    Pursuant to TEX. R. CIV. P. 28, Plaintiff specifically invokes her right to institute this suit against each and every Defendant in all of their partnerships, assumed, or common names, and any other names they have used or that have been used to designate them.

7.    All conditions precedent to filing this lawsuit have occurred.

## II. JURISDICTION AND VENUE

8.    Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a), because the state court where the lawsuit has been pending is located in this District.

9.    Plaintiff requests that the jury determine what is fair and reasonable compensation for the damages incurred. Rule 47 of the Texas Rules of Civil Procedure requires Plaintiff to provide a statement regarding the amount of monetary relief sought; therefore, Plaintiff states that monetary relief in excess of the minimal jurisdictional limits of the court, in an amount to be determined by the jury, is being sought.

10.    This case was removed to Federal Court at the request of Defendant, Shafeeq Sheikh, M.D., with the consent of all other Defendants, because Plaintiff's lawsuit involves a federal question, 28 U.S.C. §§ 1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Broder v. Cablevision Sys. Corp.*, 418 F. 3d 187, 194 (2d Cir. 2005); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff's claim arises under 42 U.S.C. § 1983.

### III. FACTS

11.     This case arises from profound deviations from the standard of health care by Defendants, while treating Plaintiff in a vulnerable state. The incidents which form the basis of this lawsuit occurred in Houston, Harris County, Texas.

12.     At all relevant times, Defendant, Ben Taub General Hospital, was a licensed county hospital facility doing business in the State of Texas. At all times material, Defendant, Ben Taub General Hospital, held, and does hold itself out to the general public, including Plaintiff, as a hospital facility which was competent and qualified to provide hospital treatment and services with all the necessary care and precaution expected of a hospital facility.

13.     On October 31, 2013, Plaintiff presented to the Emergency Department at Ben Taub General Hospital, located at 1504 Taub Loop, Houston, Texas, with complaints of shortness of breath and wheezing. She was transferred to the floor for observation overnight, where she developed carpopedal spasms, paroxysmal recurrent tachycardia and tachypnea.

14.     In the early morning hours of November 2, 2013, while still a patient at Ben Taub General Hospital, Plaintiff was heavily sedated to the point where she was in and out of consciousness and in a weakened state. She was approached by an unknown male, who she believed to be a male doctor. This male physician entered her room on three different occasions overnight on November 2, 2013. During the first two visits, the male physician entered the room and placed his mouth on her breast and inserted his fingers into her vagina. He also attempted to place his penis into her mouth. Plaintiff was awakened a third time by the same physician as she was lying on her side. The physician pulled her to the edge of the bed, stood on a chair, and inserted his penis into her vagina.

15.     Defendant Sheikh acted under color of state law when he abused his position

given to him by the state and county.

16.    During the course of these events, Plaintiff attempted to call for help however it was not determined until the following morning that the nurses' call button was not working properly and/or it had been unplugged. Plaintiff was, therefore, unable to receive help, or report the incident until the following morning due to her sedated and weakened state.

17.    Plaintiff consented to a sexual assault examination, which was performed on November 2, 2013, by a SANE nurse at Ben Taub General Hospital. The sexual assault kit of the plaintiff was analyzed by the Houston Forensic Science Center and analysis determined the presence of an unknown male's semen, and blood.

18.    Upon investigation of medical records, hospital time cards, shift assignments, surveillance video and fifth floor door scanner access for the date range of November 1 through 3, 2013, obtained from Ben Taub General Hospital and Baylor College of Medicine, Defendant, Shefeeq Sheikh, M.D., was identified as a person of interest.

19.    A search warrant for buccal saliva swabs of Dr. Sheikh was obtained in order to confirm or exclude his involvement in the investigation. On October 6, 2015, a report from the Houston Forensic Science Center confirmed that Dr. Sheikh could not be excluded as a possible contributor to the major component of the DNA mixture.

20.    Plaintiff suffered serious injuries as a result of the Defendants' negligence and the sexual assault by Defendant Sheikh

## IV. CAUSES OF ACTION

21.    Plaintiff brings these claims and request for damages pursuant to the Chapter 74 of the TEX. CIV. P. & REM. CODE, Texas Tort Claims Act, and 42 U.S.C. § 1983.

## NEGLIGENCE OF DEFENDANT, HARRIS COUNTY HOSPITAL DISTRICT D/B/A HARRIS HEALTH SYSTEM, D/B/A BEN TAUB GENERAL HOSPITAL

22.     At the trial of this cause, Plaintiff intends to prove Defendant, Ben Taub General Hospital and its staff were negligent in the care and treatment of Plaintiff by:

a.     Failing to protect patient against unreasonable risk of physical harm, including the negligent condition or use of tangible personal property; i.e. nurses' call button and sedatives/medications;

b.     Failing to provide a safe environment to Plaintiff to protect and prevent unconsented sexual contact involving a patient and a staff member, while being treated or on the premises of the hospital, including oral, vaginal or anal penetration or fondling of the patient's sex organ(s) by another individual's hand, sex organ, or object.

c.     Failing to protect a vulnerable patient who was unconscious and/or medically incapacitated;

d.     Failing to establish and maintain proper patient safety precautions at night in such a manner that the safety and well-being of its patients are assured;

e.     Failing to maintain proper security and/or safety management program designed to provide a physical environment free of hazards and to manage staff activities to reduce the risk of a patient's physical and emotional injury;

f.     Failure of hospital facility to monitor access to patient's room and/or creating a situation which afforded an opportunity to a third person and/or employee to commit a sexual assault on a patient;

g.     Failure of nursing staff to identify and intervene in a repetitively dangerous patient situation;

h.     Failing to provide a properly working nurse call button and/or alarm for prompt assistance to prevent a dangerous patient situation;

i.     Failure of nursing staff to properly and timely round on patient; and,

j.     Failing to properly train its employees.

23.     Defendant was, in all probability, negligent in other respects in addition to the above and foregoing and Plaintiff reserves the right to amend her pleadings to conform to the evidence.

## NEGLIGENCE OF DEFENDANT, SHAFEEQ SHEIKH, M.D.

24.     At the trial of this cause, Plaintiff intends to prove Defendant, Shafeeq Sheikh, M.D. was negligent and liable for the care and treatment of Plaintiff in the following ways:

a.   Failing to protect patient against unreasonable risk of physical harm, including the negligent condition or use of tangible personal property; i.e. nurses' call button and sedatives/medications;

b.   Committing a sexual assault against a patient within the course and scope of his employment as a physician;

c.   Failing to provide a safe environment to Plaintiff to protect and prevent unconsented sexual contact involving a patient and a staff member, while being treated or on the premises of the hospital, including oral, vaginal or anal penetration or fondling of the patient's sex organ(s) by another individual's hand, sex organ, or object; and,

d.   Failing to protect a vulnerable patient who was unconscious and/or medically incapacitated.

25.     Defendant was, in all probability, negligent in other respects in addition to the above and foregoing and Plaintiff reserves the right to amend her pleadings to conform to the evidence.

## NEGLIGENCE OF DEFENDANT BAYLOR COLLEGE OF MEDICINE

26.     At the trial of this cause, Plaintiff intends to prove Defendant Baylor College of Medicine is negligent and liable for the care and treatment of Plaintiff in the following ways:

a.   Failing to protect patient against unreasonable risk of physical harm, including the negligent condition or use of tangible personal property; i.e. nurses' call button and sedatives/medications;

b.   Failing to provide a safe environment to Plaintiff to protect and prevent unconsented sexual contact involving a patient and a staff member, while being treated or on the premises of the hospital, including oral, vaginal or anal penetration or fondling of the patient's sex organ(s) by another individual's hand, sex organ, or object;

e.   Failing to protect a vulnerable patient who was unconscious and/or medically incapacitated; and,

      f.    Failing to properly supervise and train its employees.

27.    Defendant was, in all probability, negligent in other respects in addition to the above and foregoing and Plaintiff reserves the right to amend her pleadings to conform to the evidence.

## RESPONDEAT SUPERIOR

28.    Plaintiff will also show that at all pertinent times, Shafeeq Sheikh, M.D. was working in the course and scope of his employment with Defendant, Baylor College of Medicine, which has a responsibility to supervise the actions of its employees. In the alternative, Shafeeq Sheikh, M.D. was operating as an agent or representative of Defendant, Baylor College of Medicine and/or Ben Taub General Hospital.

29.    Defendants, Baylor College of Medicine and Ben Taub General Hospital's conduct, and that of its agents, servants, and employees acting within the course and scope of their employment, constitute a breach of the duty of ordinary care owed by Defendants, Baylor College of Medicine and Ben Taub General Hospital, to plaintiff. As such, Defendants, Baylor College of Medicine and Ben Taub General Hospital, are vicariously liable for the acts and omissions of their agents, servants, and employees.

## FAILURE TO PROTECT

30.    Under Texas law, "an employee's conduct is considered to fall within the scope of his employment if his actions were '(1) within the general authority given him; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which the employee was employed.'" *Bodin v. Vagshenian,* 462 F.3d 481, 484 (2006) (citing *Counts v. Guevara,* 328 F.3d 212, 214 (5th Cir.2003) (quoting *Williams v. United States,* 71 F.3d 502, 506 (5th Cir.1995)). *See also Leleux v. United States,* 178 F.3d 750, 757 (5th Cir.1999) (concluding that "Sheridan

stands for the principle that negligence claims related to a Government employee's [28 U.S.C] § 2680(h) intentional tort may proceed where the negligence arises out of an independent, antecedent duty unrelated to the employment relationship between the tortfeasor and the United States"). Plaintiff intends to show evidence that Baylor College of Medicine and Ben Taub General Hospital officials had received prior complaints that Dr. Sheikh had engaged in inappropriate contact with patients. They nevertheless failed to investigate timely or adequately and permitted Dr. Sheikh to continue his work. There is no doubt that the agents, representatives, employees and/or officials of Baylor College of Medicine and Ben Taub General Hospital were acting within the scope of their employment when they failed to intervene.

31.     Plaintiff further intends to show evidence that Harris County Hospital District d/b/a Ben Taub General Hospital had a duty to protect patients at Ben Taub General Hospital from reasonably known dangers. Under Texas law, a hospital has a duty to exercise care to safeguard patients from known and reasonably known dangers. *Bodin v. Vagshenian*, 462 F.3d 481, 489 (2006) (citing *Harris v. Harris County Hosp. Dist.*, 557 S.W. 2d 353, 355 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ). This duty extends to taking reasonable steps to prevent assaults by third persons and medical staff. *Id.* (citing *Buck v. Blum, 130 S.W.3d 285*(Tex.App.-Houston [14th Dist.] 2004, no pet.) (discussing claim of assault by neurologist). This theory of liability does not depend on the employment status of the assailant.

32.     The duty to protect business invitees is entirely separate from any respondeat superior claim for Dr. Sheikh's actions. Plaintiff intends to prove that the Ben Taub nurses failed to intervene on behalf of Plaintiff, and owed a heightened duty of care to Plaintiff based on her

vulnerability from being in a sedated state[1]; and with a call button that was inoperable. Plaintiff further intends to show that the Baylor College of Medicine Chief Resident supervising Dr. Sheikh failed to adhere to regulations on quality assurance, documentation and supervision. Here, Plaintiff's claims against Baylor College of Medicine and Ben Taub General Hospital are based on Dr. Sheikh's coworkers' independent acts of negligence in failing to prevent the sexual assaults.

## CAUSE OF ACTION AGAINST DR. SHEIKH UNDER 42 U.S.C. § 1983

33. Plaintiff will demonstrate that Dr. Sheikh, while acting under the color of law, and with reckless, deliberate, and/or callous indifference to the clearly established federally protected rights of Plaintiff, has undertaken actions which are considered conscience-shocking behavior or interference with rights implicit in the conscience of ordered liberty.

34. Defendant Sheikh was acting in his official capacity through a state and/or county employer at the time of the injury.

## V. DAMAGES

## PROXIMATE CAUSATION AND DAMAGES

35. The negligence of the Defendants proximately caused the injuries and damages made the basis of this suit.

36. As a proximate result of the injury, Laura Perilla-Vargas endured physical pain and suffering and mental anguish in the past and future.

37. As a proximate result of the injury, Laura Perilla-Vargas incurred medical expenses in the past and will incur medical expenses in the future.

38. As a proximate result of the injury, Laura Perilla-Vargas has suffered lost

---

[1] Plaintiff alleges an improper use of sedative medication by the Hospital's staff, which led to her becoming more incapacitated. The failure of the Hospital staff to protect a vulnerable patient resulted in Plaintiff's sexual assault.

wages/loss of earning capacity in the past and will do so in the future.

## VI. STATUTORY REQUIREMENTS

39.     More than sixty days before the commencement of this action Plaintiff complied with Texas Statutes and provided notice to all Defendants of the claim pursuant to Tex. Civ. Prac. & Rem. Code § 74.051.

40.     Plaintiff has provided the statutory notice to Defendant, Harris County Hospital District d/b/a Harris Health System, d/b/a Ben Taub General Hospital. Ben Taub General Hospital also has actual and constructive notice of the incident made the basis of this lawsuit. Plaintiff also sent Defendant the required notice per The Texas Tort Claims Act.

## VII.  JURY DEMAND

41.     Plaintiff demands a trial by jury on all of her claims.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and that upon final trial of this cause, that he be awarded judgment against Defendant for the damages stated herein, and for costs, prejudgment and post judgment interest, and all other relief that the Court deems appropriate.

Respectfully submitted,

THE WEYCER LAW FIRM, P.C.

By:　　　_____

MARK A. WEYCER
Federal Bar No. 13552
State Bar No. 21237300
STEPHANIE A. SANDERS
Federal Bar No. 2762301
State Bar No. 24055315
4545 Bissonnet, Suite 294
Bellaire, Texas 77401
Telephone: (713) 668-4545
Facsimile: (713) 668-5115
mweycer@weycerlawfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on the 9th of March, 2016, I served a copy of *Plaintiff's First Amended Complaint* on the party listed below via facsimile as noted:

E. Dale Burrus
Kroger Burrus
3100 Weslayan, Ste. 300
Houston, Texas 77027
*Via Facsimile 713-961-7953*

Ebon Swofford
Assistant County Attorney
2525 Holly Hall, Suite 190
Houston, Texas 77054
*Via Facsimile 713-566-6558*

Jeffrey B. McClure
Andrews Kurth, LLP
600 Travis, Suite 4200
Houston, Texas 77002
*Via Facsimile 713-238-7403*

Arthur L. Schechter
Cynthia Huerta
Schechter, McElwee & Shaffer, L.L.P.
3200 Travis Street, 3rd Floor
Houston, Texas 77006-3636
*Via Facsimile 713-751-0412*

STEPHANIE A. SANDERS